LAW OFFICES OF JASON L. RIBAKOFF
Jason L. Ribakoff (CA 262459)
ribakoffjason@gmail.com
6819 Sepulveda Blvd. #307
Van Nuys, CA 91405
Telephone: 818-778-6255
Facsimile: 818-778-6256

Attorney for Plaintiff,

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ANDRES GOMEZ, on behalf of himself and all others similarly situated, | ) ) ) Case No.: |
| Plaintiff, | ) **CLASS ACTION** ) |
| vs. | ) ) **COMPLAINT FOR VIOLATIONS** |
| CHICO'S FAS, INC. d/b/a WHITE HOUSE BLACK MARKET, | ) **OF THE AMERICANS WITH** ) **DISABILITIES ACT, 42 U.S.C. §§** ) **12101, et seq., CAL.FIN. CODE §** |
| Defendant. | ) **13082, THE UNRUH CIVIL** ) **RIGHTS ACT, CAL. CIV. CODE** ) **§51, et seq., and THE CALIFORNIA** ) **DISABLED PERSONS ACT, CAL.** ) **CIV. CODE §§ 54-54.3** ) ) **Filed Electronically** ) ) ) ) |

–1–

Class Action Complaint: Andres Gomez vs. Chico's FAS, Inc. d/b/a Black House White Market

Comes now, ANDRES GOMEZ ("Plaintiff") on behalf of himself and all others similarly situated and alleges as follows:

## INTRODUCTION

1.      Plaintiff Andres Gomez brings this action individually and on behalf of all others similarly situated against Chico's FAS, Inc. d/b/a White House Black Market ("Defendant"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., (the "ADA") and its implementing regulations, California Financial Code §13082, The California Unruh Civil Rights Act, California Civil Code §§ 54-54.3- The Disabled Persons Act.

2.      Plaintiff is a blind individual.  He brings this civil rights class action against Defendant for failing to design, construct, and/or own or operate Point Of Sale Devices ("POS Devices") that are fully accessible to, and independently usable by, blind people.[1]

3.      Specifically, the POS Devices in Defendant's stores throughout the United States are not fully accessible to, and independently usable by, blind people.  Instead, the POS Devices have flat touch screen surfaces with features that are not discernible to individuals who are blind or visually impaired.

---

[1] By "POS Device", Plaintiff refers to the electronic device used by a customer at the point of purchase that allows the customer to pay for items with a debit, credit, or other electronic funds card.

Class Action Complaint:  Andres Gomez vs. Chico's FAS, Inc. d/b/a Black House White Market

4.     To make a debit card purchase using Defendant's POS Devices, a customer must enter their Personal Identification Number ("PIN").  However, because a blind or visually impaired individual cannot discern the numerical references displayed on the keypad of the POS Device, said individual does not have the ability to independently make a debit purchase.  Instead, the blind or visually impaired consumer must divulge their PIN number in order to complete a debit transaction.

5.     Defendant's use of flat touch screen POS devices discriminates against blind and visually impaired consumers in violation of the ADA, The California Financial Code § 13082, The Unruh Civil Rights Act and The California Disabled Persons Act.

6.     POS Devices with tactilely discernible keypad surfaces-which are independently usable by a blind or visually impaired individual-are readily available and in fact used by a substantial percentage of retail merchants.

7.     Plaintiff intends to continue to be a visitor of Defendant's stores, and may desire to make a purchase in the future with his debit card.  However, unless Defendant is required to install ADA and California Financial Code § 13082 compliant POS Devices, Plaintiff will continue to be unable to independently make payments for any purchases by debit card.

Class Action Complaint:  Andres Gomez vs. Chico's FAS, Inc. d/b/a Black House White Market

8.     Therefore, on behalf of a class of similarly situated individuals, Plaintiff seeks a declaration that Defendant's POS Devices violate federal and state law as described and an injunction requiring Defendant to update or replace all POS Devices that are in violation of the mandatory requirements of the ADA and/or California Financial Code § 13082 so that they are fully accessible to, and independently usable by, blind or visually impaired individuals.  Plaintiff further requests that, given Defendant's historical failure to comply with the ADA's mandate over a period of many years, the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendant comes into compliance with the relevant requirements of the ADA and to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

9.     On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

10.     The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

Class Action Complaint:  Andres Gomez vs. Chico's FAS, Inc. d/b/a Black House White Market

11.     Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities.  42 U.S.C. § 12181-89.

12.     Defendant owns, operates, controls, and/or leases a place of public accommodation.

13.     Defendant's POS Devices, located in its retail stores, are not fully accessible to, and independently usable by, blind individuals.

14.     While Defendant has centralized management policies regarding its POS Devices, those policies are inadequate, and Defendant's POS Devices continue to be inaccessible to, and not independently usable by, visually impaired individuals.

## JURISDICTION AND VENUE

15.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §12188.

16.     Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

17.     This Court has supplemental jurisdiction pursuant to 28 U.S.C.

Class Action Complaint:  Andres Gomez vs. Chico's FAS, Inc. d/b/a Black House White Market

§ 1367, over Plaintiff's pendent claims under The California Financial Code § 13082, The California Unruh Civil Rights Act (California Civil Code §§51, *et seq*.), and The Disabled Persons Act (California Civil Code §§ 54-54.3).

18.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

19.    Plaintiff, Andres Gomez, is and, at all times relevant hereto, was a resident of the state of Florida.  He has several family members in the Los Angeles area and travels there frequently to visit them.  Plaintiff is and, at all times relevant hereto, has been legally blind and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 *et seq.,* The California Financial Code § 13082, The California Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.,* and California Civil Code §§ 54-54.3 – The Disabled Persons Act.

20.    Defendant Chico's FAS, Inc. d/b/a White House Black Market is headquartered at 11215 Metro Parkway, Ft. Myers, FL 33966.  Defendant is a public accommodation pursuant to 42 U.S.C. § 12181(7)(F).

## VIOLATIONS AT ISSUE

–6–

Class Action Complaint:  Andres Gomez vs. Chico's FAS, Inc. d/b/a Black House White Market

21.     In July 2014, Plaintiff visited Defendant's White House Black Market store located at 6600 Topanga Canyon Blvd., Suite 1076, Canoga Park, CA 91303.

22.     Plaintiff attempted to make purchases with a debit card, but was unable to make purchases independently because, at the time of the visits, Defendant's POS Devices were not fully accessible to, and independently usable by, blind people, as above described.

23.     Based upon an investigation performed on Plaintiff's behalf, Plaintiff alleges that a significant number of other POS Devices in Defendant's stores are similarly not independently usable by the blind or visually impaired.

24.     Defendant does not provide any auxiliary aids or services calculated to make its POS Devices fully accessible to, and independently usable by, blind people.

25.     As a result of Defendant's non-compliance with the ADA, 42 U.S.C. § 12102(2), The California Financial Code § 13082, The California Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.,* and California Civil Code §§ 54-54.3 – The Disabled Persons Act, Plaintiff and the Class, unlike persons without visual impairments, cannot independently make a debit purchase at Defendant's stores.

26.     Defendant's non-compliance threatens blind people with the loss of their private banking information.  Blind people who wish to make a debit

Class Action Complaint:  Andres Gomez vs. Chico's FAS, Inc. d/b/a Black House White Market

purchase at Defendant's stores have no choice but to reveal their private PINs to others to complete the debit purchase.

27.    Though Defendant has centralized policies regarding the management and operation of its POS Devices, Defendant has never had a plan or policy that is reasonably calculated to make its POS Devices fully accessible to, and independently usable by, blind people.

28.    Plaintiff has actual knowledge of the fact that Defendant's POS Devices lack the elements required to make them fully accessible to, and independently usable by, blind people.

29.    As a blind individual, Plaintiff has a keen interest in whether public accommodations that offer debit purchases through POS Devices are fully accessible to, and independently usable by, the blind.

30.    Plaintiff intends to return to a certain number of Defendant's stores to shop and to ascertain whether they remain in violation of the ADA, 42 U.S.C. § 12102(2), The California Financial Code § 13082, The California Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.,* and California Civil Code §§ 54-54.3 – The Disabled Persons Act.

31.    Without injunctive relief, Plaintiff will continue to be unable to independently use Defendant's POS device in violation of his rights under the

Class Action Complaint:  Andres Gomez vs. Chico's FAS, Inc. d/b/a Black House White Market

ADA, 42 U.S.C. § 12102(2), The California Financial Code § 13082, The California Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.,* and California Civil Code §§ 54-54.3 – The Disabled Persons Act.

///

///

///

///

## CLASS ALLEGATIONS

32.     Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all legally blind individuals who have attempted, or will attempt, to make a debit purchase with Defendant's POS Devices at its stores throughout the United States.

33.     The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

Class Action Complaint:  Andres Gomez vs. Chico's FAS, Inc. d/b/a Black House White Market

34.   <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the memberships of the class.  The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

35.   <u>Common Questions of Fact and Law</u>:  There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its POS Devices fully accessible, and independently usable as above described.

///

36.   <u>Adequacy of Representation</u>:  Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class under the ADA.

37.   Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to

Class Action Complaint:  Andres Gomez vs. Chico's FAS, Inc. d/b/a Black House White Market

the Class, making appropriate both declaratory and permanent relief with respect to Plaintiff and the Class as a whole.

## FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. §§ 12181, *et seq.* – Title III of the Americans with Disabilities Act)
(on behalf of Named Plaintiff and the Class)

38.     Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

39.     Section 302(a) of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.,* provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

40.     Defendant is a retail store and, therefore, a place of public accommodation within the definition of Title III of the ADA, 42 U.S.C. §§12181 (7)(E).

41.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities, or a class of individuals with disabilities, the opportunity to participate in or benefit from the goods, services,

Class Action Complaint:  Andres Gomez vs. Chico's FAS, Inc. d/b/a Black House White Market

facilities, privileges, advantages, or accommodations of a place of public accommodation.

42.   Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation, which is equal to the opportunities afforded to other individuals.

43.   Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

> A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

44.   Defendant has discriminated against Plaintiff and the Class in that it has failed to make its POS Devices fully accessible to, and independently useable by, individuals who are blind in violation of the Americans with Disabilities Act

–12–

42 U.S.C. § 12182(a) as described above, and therefore Plaintiff is entitled to injunctive relief to remedy the discrimination.

45.     Defendant has discriminated against Plaintiff and the Class in that it has failed to provide auxiliary aids and services calculated to make its POS Devices fully accessible to, and independently useable by, individuals who are blind in violation of 42 U.S.C. §§ 12101, 12102(2), and 28 C.F.R § 36.101 *et seq.* Providing the auxiliary aids and services mandated by the ADA would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

46.     Defendant's conduct is ongoing, and, given that Defendant has not complied with the ADA's requirements that public accommodations make their POS Devices fully accessible to, and independently useable by, blind individuals. Plaintiff invokes his statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

47.     Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is in full compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-

Class Action Complaint:  Andres Gomez vs. Chico's FAS, Inc. d/b/a Black House White Market

compliance with the ADA's requirements that its POS Devices be fully accessible to, and independently useable, by blind people is likely to recur.

48.     WHEREFORE, Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff requests relief as set forth below.

## SECOND CAUSE OF ACTION

(Violation of California Financial Code § 13082)
(on behalf of Named Plaintiff and the Class)

49.     Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

50.     CFC § 13082 states:

(a)     Whenever a point-of sale system is changed or modified to include a video touch screen or any other nontactile keypad, the point-of-sale device that would include the video touch screen or nontactile keypad shall also be equipped with either of the following:
(1)     A tactually discernible numerical keypad similar to a telephone keypad containing a raised dot with a dot base diameter between 1.5 millimeters and 1.6 millimeters and a height between 0.6 millimeters and 0.9 millimeters on the number 5 key that enables a visually impaired person to enter his or her own personal identification number or any other personal information necessary to process the transaction in a manner that provides the opportunity for the same degree of privacy input and output available to all individuals…

51.     California Financial Code § 13082 ("CFC § 13082") was passed in 2005, but retailers were given four years, until January 1, 2010 to bring their stores

**–14–**

Class Action Complaint:  Andres Gomez vs. Chico's FAS, Inc. d/b/a Black House White Market

into compliance.  Thus, tactile keypads are required at every check-out location in California with a flat screen point of sale device.  The keypads must be permanently attached.

52.   Defendant is systematically violating CFC § 13082.  Defendant has discriminated against Plaintiff and the Class in that it has failed to make its POS Devices fully accessible to, and independently useable by, individuals who are blind in violation of CFC § 13082 and therefore Plaintiff is entitled to injunctive relief to remedy the discrimination and cost of this suit.

### THIRD CAUSE OF ACTION

(Violation of California Civil Code §§ 51, *et seq.*- the Unruh Civil Rights Act)
(on behalf of Named Plaintiff and the Class)

53.   Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

54.   The California Unruh Civil Rights Act, California Civil Code §§ 51, *et seq*., guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.

55.   Defendant is systematically violating the Unruh Civil Rights Act, California Civil Code §§ 51, *et seq*., Defendant has discriminated against Plaintiff

Class Action Complaint:  Andres Gomez vs. Chico's FAS, Inc. d/b/a Black House White Market

and the Class in that it has failed to make its POS Devices fully accessible to, and independently useable by, individuals who are blind, in violation of the Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.*, and therefore Plaintiff is entitled to relief to remedy the discrimination.

56.     Defendant has discriminated against Plaintiff and the Class in that it has failed to provide auxiliary aids and services calculated to make its POS Devices fully accessible to, and independently useable by, individuals who are blind, in violation of the California Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.*  Providing the auxiliary aids and services mandated by the ADA would neither fundamentally alter the nature of Defendant's business nor result in an undue burden on Defendant.

57.     Defendant's conduct is ongoing, and, given that Defendant has not complied with the California Unruh Civil Rights Act requirements that business establishments make its POS Devices fully accessible to, and independently useable by, blind individuals, Plaintiff invokes his statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

58.     Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is in full compliance with the

Class Action Complaint:  Andres Gomez vs. Chico's FAS, Inc. d/b/a Black House White Market

mandatory requirements of the Unruh Civil Rights Act, 42 U.S.C. §§ 12101, *et seq.*, that are discussed above, Defendant's non-compliance with the California Unruh Civil Rights Act requirements that its POS Device be fully accessible to, and be independently useable, by blind people is likely to recur.

59.    Defendant is additionally violating California Civil Code § 51, in that the conduct alleged herein constitutes a violation of various provisions of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, as set forth above. California Civil Code §51(f) provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

60.    The actions of Defendant were and are in violation of the Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.*, and therefore Plaintiff is entitled to injunctive relief remedying the discrimination.  Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the Class will continue to suffer irreparable harm.

61.    Plaintiff is also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense.

WHEREFORE, Plaintiff requests relief as set forth below.

## <u>FOURTH CAUSE OF ACTION</u>

(Violation of Cal. Civ. Code §§ 54-54.3 – the Disabled Persons Act)
(on behalf of Named Plaintiff and the Class)

Class Action Complaint:  Andres Gomez vs. Chico's FAS, Inc. d/b/a Black House White Market

62.     Plaintiff incorporates by reference the foregoing allegations as set forth fully herein.

63.     California Civil Code §§ 54-54.3 guarantee full and equal access for people with disabilities to all accommodations, advantages, facilities, and privileges of "all places of public accommodation" and "other places to which the general public is invited."  Defendant's stores containing Defendant's POS Devices throughout California constitute "places of public accommodation", or "other places where the public is invited" within the meaning of California Civil Code §§ 54-54.3.

64.     POS Devices constitute accommodations, advantages, facilities, and privileges provided by Defendant to members of the public in California and are, therefore, subject to the access requirements of California Civil Code § 54.1 applicable to "all places of public accommodation" and "other places to which the general public is invited."

65.     Defendant is in violation of  the right of blind individuals to full and equal access to public places by denying full and equal access to POS Devices in violation of California Civil Code §§ 54-54.3.

Class Action Complaint:  Andres Gomez vs. Chico's FAS, Inc. d/b/a Black House White Market

66.     Defendant is also violating California Civil Code §§ 54-54.3, in that their actions are a violation of the ADA.  Any violation of the ADA is also a violation of California Civil Code § 54.1.

67.     As a result of Defendant's wrongful conduct, the individual named Plaintiff and the Class are entitled to statutory minimum damages under California Civil Code § 54.3 for each offense.

WHEREFORE, Plaintiff requests relief as set forth below.

## FIFTH CAUSE OF ACTION

(Declaratory Relief)
(on behalf of Plaintiff and the Class)

68.     Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

69.     An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies that Defendant, by providing inaccessible POS Devices at public accommodations and business establishments throughout California, fails to comply with applicable laws including, but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.,* California Civil Code §§ 51, *et seq.,* and California Civil Code §§ 54-54.3 prohibiting discrimination against the blind and visually impaired.

Class Action Complaint:  Andres Gomez vs. Chico's FAS, Inc. d/b/a Black House White Market

70.     A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff requests relief as set forth below.

## <u>RELIEF REQUESTED</u>

WHEREFORE, Plaintiff prays for judgment as follows:

1.     A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA and the relevant implementing regulations of the ADA, The California Financial Code § 13082, the California Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.,* and California Civil Code §§ 54-54.3, *et seq.,* the Disabled Persons Act, described above, in that Defendant took no action that was reasonably calculated to ensure that all of its POS Devices were fully accessible to, and independently usable by, blind individuals;

2.     A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.504 (a) which directs Defendant to take all steps necessary to bring its POS Devices into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the POS Devices are fully accessible to, and independently useable by, blind individuals, and which further directs that the

Class Action Complaint:  Andres Gomez vs. Chico's FAS, Inc. d/b/a Black House White Market

Court shall retain jurisdiction for a period to be determined after Defendant

certifies that all of its POS Devices are fully in compliance with the relevant

requirements of the ADA to ensure that Defendant has adopted and is following an

institutional policy that will in fact cause Defendant to remain fully in compliance

with the law;

       3.     An Order certifying the class proposed by Plaintiff under Fed. R. Civ.

P. 23(a) & (b)(2) and/or (b)(3), and naming Plaintiff as Class Representative, and

appointing his counsel as Class Counsel;

       4.     Damages in an amount to be determined by proof, including all

applicable statutory damages;

       5.     Payment of reasonable attorneys' fees, expenses, and costs of suit

pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505;

       6.     Payment of costs of suit;

       7.     For pre-judgment interest to the extent permitted by law; and

       8.     The provision of whatever relief the Court deems just, equitable, and

appropriate.

///

///

Dated:  June 3, 2015

Class Action Complaint:  Andres Gomez vs. Chico's FAS, Inc. d/b/a Black House White Market

1

2

Respectfully Submitted,

3

/s      Jason L. Ribakoff

Jason L. Ribakoff (CA 262459)

4

**LAW OFFICES OF JASON L.**
**RIBAKOFF**

5

6819 Sepulveda Blvd., Suite 307

6

Van Nuys, CA 91405

Telephone:  818-778-6255

7

Facsimile:  818-778-6256

8

ribakoffjason@gmail.com

9

10

Counsel for Plaintiff

11

12

///

13

///

14

15

///

16

///

17

18

///

19

///

20

21

///

22

///

23

24

///

25

///

26

27

///

28

−**22**−

Class Action Complaint:  Andres Gomez vs. Chico's FAS, Inc. d/b/a Black House White Market